UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 23-06583 DMG (RAO) | Date: | February 5, 2024 |
| Title: | Daniel Webster Johnson v. Unknown Correctional Officer et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Elisa Quintero | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER TO SHOW CAUSE RE: STATUTE OF LIMITATIONS**

On July 31, 2023, Plaintiff Daniel Webster Johnson, II ("Plaintiff") constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983, Dkt. No. 1, and a request to proceed without prepayment of filing fees, Dkt. No. 2.[1] Plaintiff's request to proceed without prepayment of filing fees was granted on January 25, 2024. Dkt. No. 12. The operative pleading is Plaintiff's Second Amended Complaint ("SAC"), filed December 22, 2023. Dkt. No. 11. The Court has screened the SAC pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a) and finds that the SAC is facially untimely. For the reasons set forth below, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed as time-barred.

**I.     Allegations of the SAC**

Plaintiff's allegations describe events that occurred while he was incarcerated at California State Prison – Los Angeles County ("CSP-LAC") and Atascadero State Hospital ("ASH") in 2010. SAC at 4. Plaintiff brings his claims against an unknown correctional officer at CSP-LAC and an unknown DPS security officer. *Id.* Plaintiff alleges that while Plaintiff was housed in ad/seg, Dr. Record arrived at CSP-LAC to interview "an inmate Johnson." *Id.* at 7. Plaintiff alleges that another inmate, Colin Johnson, was also housed in ad/seg. *Id.* The unknown correctional officer

---

[1] Pursuant to the prisoner "mailbox rule," the Court uses the date on which Plaintiff submitted his Complaint to prison authorities for mailing as the filing date. *See Houston v. Lack,* 487 U.S. 266, 275-76, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying mailbox rule to § 1983 suits filed by *pro se* prisoners). Under this rule, the Court deems the Complaint constructively filed on the date Plaintiff signed his "proof of service," indicating when he gave the Complaint to correctional officers for mailing. *See* Dkt. No. 1 at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 23-06583 DMG (RAO) | Date: | February 5, 2024 |
| Title: | Daniel Webster Johnson v. Unknown Correctional Officer et al. | | |

directed Dr. Record to the wrong inmate. *Id.* at 8-9. Plaintiff was denied access to the doctor's evaluation. *Id.* at 10. Plaintiff was transferred to ASH, where he was administered involuntary medication. *Id.* at 10-11.

**II.     Legal Standard**

Absent waiver, the Court may *sua sponte* dismiss a complaint as untimely. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c).").

Section 1983 actions are subject to the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Accordingly, federal civil rights claims arising in California are subject to California's statute of limitations period—two years for an "action for assault, battery, or injury to . . . an individual caused by the wrongful act or neglect of another." Cal. Civ. Proc. Code § 335.1. Federal law, however, determines when a claim accrues and when the applicable limitation period begins to run. *Wallace*, 549 U.S. at 388. Under federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief. *Id.* Generally, a cause of action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154 (9th Cir. 2000) (quotations and citation omitted).

In certain circumstances, the statute of limitations may be tolled. A federal court must give effect to a state's tolling provisions to the extent that they are not inconsistent with federal law. *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1051 n.5 (9th Cir. 2008) (citing *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002)). California law provides for up to two years of tolling for plaintiffs based on the disability of imprisonment. *See* Cal. Civ. Proc. Code § 352.1(a) ("If a person . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."). The Ninth Circuit has held that "actual, uninterrupted incarceration is the touchstone" for assessing tolling for the disability of imprisonment under California law. *Elliott v. City of Union City*, 25 F.3d 800, 802-03 (9th Cir. 1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 23-06583 DMG (RAO)  Date: February 5, 2024

Title: Daniel Webster Johnson v. Unknown Correctional Officer et al.

The statute of limitations may also be subject to equitable tolling. Equitable tolling focuses on "whether there was excusable delay by the plaintiff." *Lukovsky*, 535 F.3d at 1051. "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Id.* (quoting *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002)) (internal quotation marks omitted). Plaintiffs must meet three conditions to equitably toll a limitations period: (1) defendant must have had timely notice of a claim; (2) defendant must not be prejudiced by having to defend the otherwise barred claim; and (3) a plaintiff's conduct must have been reasonable and in good faith. *Fink v. Shelder,* 192 F.3d 911, 916 (9th Cir. 1999).

Additionally, equitable estoppel may apply to relieve a plaintiff from the running of the statute of limitations. Equitable estoppel focuses on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as "fraudulent concealment." *Johnson*, 314 F.3d at 414 (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir.1990)). To benefit from equitable estoppel, the plaintiff must point to some active conduct by the defendant "above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (quoting *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176-77 (9th Cir. 2000)).

**III.   Discussion**

Here, the SAC refers to events that occurred in 2010. Although Plaintiff does not expressly allege when he knew or had reason to know of the injury which is the basis of his action, Plaintiff previously initiated a lawsuit against Dr. Record and additional individuals on December 2, 2011 (the "2011 Action"), raising allegations that appear to encompass the allegations raised here. *See Daniel Webster Johnson II v. Robert E. Record*, Case No. 2:11-cv-10001-DMG-FMO (C.D. Cal.).[2] For example, in his original complaint in the 2011 Action, Plaintiff alleged that Dr. Record arrived at CSP-LAC to conduct a psychological evaluation of Plaintiff to determine whether he was

---

[2] The Court takes judicial notice of the docket and court records of the 2011 Action. *See* Fed. R. Evid. 201(b)(2); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records). The 2011 Action was dismissed without prejudice on June 11, 2012 for failure to prosecute or comply with a court order. *See* Case No. 2:11-cv-10001-DMG-FMO, Dkt. Nos. 11, 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 23-06583 DMG (RAO) | Date: | February 5, 2024 |
| Title: | Daniel Webster Johnson v. Unknown Correctional Officer et al. | | |

competent to refuse conditions of parole, but Dr. Record was directed by an unknown correctional officer to an inmate named Colin Johnson. Case No. 2:11-cv-10001-DMG-FMO, Dkt. No. 3, ¶¶ 31-34. Plaintiff also alleged that he was transferred to ASH on May 18, 2010, where he was subjected to an in-house "Qawi" hearing and immediately forced on medication. *Id.* ¶¶ 20, 39-40. Plaintiff further alleged that the ASH Police Department recorded Plaintiff with a video camera and ASH police officers exercised physical force on Plaintiff. *Id.* ¶¶ 46-50. These allegations mirror the allegations in the SAC. Plaintiff thus had knowledge of the basis of the instant action by the time he signed the complaint for his 2011 Action, or November 21, 2011. *See id.* at 31. For that reason, Plaintiff's claims accrued, at the latest, by November 21, 2011.[3]

Taking November 21, 2011 as the latest possible date of accrual, absent tolling, the applicable statute of limitations would have expired two years later, on November 21, 2013. Plaintiff alleges that he was incarcerated in CSP-LAC and ASH when the allegedly unlawful conduct occurred. Assuming Plaintiff was continuously incarcerated for at least two years after the events alleged in the SAC, Plaintiff would be entitled to statutory tolling for his disability of imprisonment until November 21, 2013. The statute of limitations would then have expired on November 23, 2015.[4] Even affording Plaintiff the maximum period of statutory tolling for imprisonment, this action is untimely by over seven years.

There are no allegations that would suggest that Plaintiff is entitled to equitable tolling. As such, the SAC appears to be untimely.

Moreover, the Court has twice dismissed actions brought by Plaintiff raising similar allegations for being time-barred. In August 2017, Plaintiff brought a lawsuit against Dr. Record, an unknown correctional officer, an unknown DPS police officer, and other defendants. *See Daniel W. Johnson v. Robert E. Record*, Case No. 2:17-cv-06014-DMG-RAO (C.D. Cal., filed August 14, 2017). Plaintiff complained that in 2010, Dr. Record interviewed the wrong inmate and Plaintiff was subsequently transferred to ASH where he was placed on involuntary medication. *See id.*, Dkt. No. 1. In the 2017 action, the Court issued an order to show cause why Plaintiff's request to proceed without prepayment of filing fees should not be denied on the grounds that the

---

[3] Based on the allegations raised in the 2011 Action, Plaintiff likely became aware that Dr. Record visited the wrong inmate at a much earlier date. The Court uses the November 21, 2011 date only to demonstrate that the SAC is untimely even if Plaintiff is afforded this late date of accrual.
[4] November 21, 2015 fell on a Saturday.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:   CV 23-06583 DMG (RAO)                                          Date:   February 5, 2024
Title:   Daniel Webster Johnson v. Unknown Correctional Officer et al.

2017 action was untimely. *See id.*, Dkt. No. 6. Plaintiff failed to allege any additional basis for tolling, and the action was dismissed without leave to amend. *See id.*, Dkt. No. 7. In September 2020, Plaintiff again filed a lawsuit against Dr. Record, an unknown correctional officer, an unknown DPS police officer, and other defendants. *See Daniel W. Johnson II v. Robert E. Record*, Case No. 2:20-cv-08362-DMG-RAO (C.D. Cal., filed September 19, 2020). Plaintiff again complained that in 2010, Dr. Record interviewed the wrong inmate Johnson, and Plaintiff was transferred to ASH and subject to involuntary medication. *See id.*, Dkt. No. 1. The 2020 action was dismissed without leave to amend because it raised the same facts and claims as those raised in the 2017 action, which the Court previously dismissed as time-barred. *See id.*, Dkt. No. 4.

### IV.   Conclusion

Although the SAC appears to be time-barred, out of an abundance of caution, IT IS HEREBY ORDERED that Plaintiff shall show cause in writing, on or before **March 7, 2024**, why the SAC should not be dismissed with prejudice as time-barred. If Plaintiff claims that he is entitled to a delayed accrual of the statute of limitations, or tolling of the statute of limitations, Plaintiff must explain in detail the factual and legal basis therefor, and must specify the reason(s) for Plaintiff's apparent delay in commencing this action.

**Plaintiff is expressly warned that failure to file a timely and complete response to this Order will result in a recommendation that this action be dismissed with prejudice as time-barred.**

**IT IS SO ORDERED.**

:
Initials of Preparer     eq